# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**Daniel Jackson,**

                Plaintiff,

v.                                       Case No. 14-cv-1194-pp

**Brian Foster,**
**Deputy Warden Cooper,**
**Guard Pusic,**
**Guard Butterfield, and**
**Guard Swiekatowski,**

                Defendants.

## DECISION AND ORDER REGARDING PLAINTIFF'S MOTIONS

On September 26, 2014, the plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that the defendants retaliated against him for challenging his conditions of confinement at Green Bay Correctional Institution (GBCI). In this order, the court considers a large number of motions the plaintiff has filed: his motion for leave to proceed *in forma pauperis* and for screening, his motion for a temporary restraining order and a preliminary injunction, two motions for a more definite statement, eight motions to amend his complaint or for leave to file an amended complaint, and twenty motions for leave to file a supplemental complaint.

The court notes that on October 6, 2014, the court assessed an initial partial filing fee of $100.01, which plaintiff has paid. Accordingly, the court will grant plaintiff's motion for leave to proceed *in forma pauperis*. This means

that the plaintiff may pay the remainder of the filing fee in installments over time, rather than having to pay it all at the beginning of the case.

Federal law requires district courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint, or part of it, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Before the court considers the merits of the plaintiff's case, however, it notes that the plaintiff has filed many motions asking to amend his complaint, or to supplement his complaint, as well as his motions to make pleadings more definite. The plaintiff filed his first motion to amend the complaint on October 9, 2014—only two weeks after he filed the complaint. That motion, and several that followed, contained requests to allow the plaintiff to make additional allegations of retaliation. The court received these motions on October 9, October 10, October 20, October 22 (when it received two on the same day), October 24, December 22, and December 29.

At some point, the plaintiff learned about Fed. R. Civ. P. 15(d), which allows a court, on a party's motion, to file supplemental pleadings alleging events or transactions that happened after the initial pleading. On December 29, 2014, the plaintiff asked the court to construe his motions for leave to amend his complaint as motions to supplement. Then, over the next three

months, the plaintiff filed *twenty-one* additional motions to supplement his complaint. Each motion contains new factual allegations, many of which involve new individuals he did not originally name as defendants in this case. The plaintiff also filed a second motion to make pleadings more definite that seemed to summarize or reiterate some of his earlier amendments.

The court has discretion in deciding whether to allow a plaintiff to file a supplemental pleading. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A court properly denies a supplemental pleading under Rule 15(d) when there is "any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman*, 371 U.S. at 182; *see Glatt v. Chicago Park District*, 87 F.3d 190, 194 (7th Cir. 1996) (applying *Foman* standard to motions under Fed.R.Civ.P. 15(d)).

The plaintiff has made it abundantly clear that he would like to amend his complaint. And if one reviews the various motions to amend and to supplement, one can see that the plaintiff alleges that the retaliation against him is on-going since last September and before. As things stand now, however, the plaintiff has spread numerous claims against numerous defendants over thirty-one different documents.

One of the purposes of the Federal Rules of Civil Procedure is to make it

3

possible for plaintiffs to explain what they think the defendants did, and to give the defendants an opportunity to understand clearly enough what the plaintiff alleges that the defendants are able to respond. The plaintiff must put all of his allegations in a single, comprehensible complaint; the defendants then respond to that single complaint. And at some point, the plaintiff must make a decision to file the complaint based on what has happened up to that point; he cannot continue to add allegations and defendants every day or week or month until he is released from custody.

The court is going to allow the plaintiff *one* opportunity to submit *one* amended complaint, which must contain all of his claims against all of the intended defendants. Once the plaintiff files this amended complaint, the court will not allow any further amendments or supplements; the court will screen that single, amended complaint. The court is going to require the plaintiff to file that amended complaint on or before **Monday, May 25, 2015**. If the plaintiff does not file that amended complaint by the end of the day on May 25, 2015, the court may decide to dismiss the case for failure to comply with a court order.

The amended complaint must contain the docket number assigned to this case, and the plaintiff should label it "Amended Complaint." The amended complaint will take the place of the original, September 26, 2014 complaint. It must be a complete and full complaint; the plaintiff may not refer the court and the defendants back to counts in the original complaint, rather than alleging those claims and counts in the amended complaint. *See Duda v. Bd. of Educ.*

4

*of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998) (holding that the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" (citation omitted)). The Clerk of Court will provide the plaintiff with the court's §1983 form complaint, which he must use. *See* Civil L. R. 9(b).

Finally, the plaintiff filed a motion for a temporary restraining order and a preliminary injunction. He asks the court to immediately transfer him from Green Bay Correctional Institution because he is being retaliated against and fears for his life and safety.

To obtain preliminary injunctive relief, whether through a temporary restraining order or a preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If the plaintiff shows those three factors, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In this case, the plaintiff has not made the required showing regarding his likelihood of success on the merits, nor has he shown that without an injunction, he has no adequate remedy at law. Further, "[a] prisoner has no due process right to be housed in any particular facility." *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995). The court does not interfere with the

Wisconsin Department of Correction's placement decisions. For all of these reasons, the court will deny the motions for a temporary restraining order and a preliminary injunction.

**WHEREFORE**, the court **GRANTS** the plaintiff's motion to proceed *in forma pauperis*, and **ORDERS** that the plaintiff may proceed *in forma pauperis* (ECF 2).

The court further **ORDERS** that on or before **Monday, May 25, 2015**, the plaintiff shall file one amended pleading containing all of his claims against all of the defendants. If he fails to file the amended complaint by that date, the court may dismiss his case for failure to comply with a court order. The court **ORDERS** that the clerk of court provide the plaintiff with the court's § 1983 form complaint, which he must use.

The court further **DENIES** all of the plaintiff's specific motions to file an amended complaint (ECF 8, 9, 11, 12, 13, 18, 22, and 24), requiring instead that he file one amended complaint containing all of his allegations.

The court further **DENIES** the plaintiff's motions to make pleadings more definite (ECF 23 and 33), again requiring instead that he file a single, more definite amended complaint.

The court further **DENIES** each of the plaintiff's motions for leave to file a supplemental complaint (ECF 25, 26, 28, 29, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47), again requiring that he file a single, amended complaint containing all of his allegations against all defendants he wishes to sue.

The court further **DENIES** plaintiff's motion for temporary restraining order (ECF 15) and motion for preliminary injunction (ECF 15).

The court further **ORDERS** that the Secretary of the Wisconsin Department of Corrections shall collect from the plaintiff's prisoner trust account the $249.99 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account, and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The court orders that the Secretary shall clearly identify the payments by the case name and number assigned to this action.

The court will send a copy of this order to the warden at Green Bay Correctional Institution.

The court further **ORDERS** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

Dated at Milwaukee this 20th day of April, 2015.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Court Judge**